134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rogelio C. GUTIERREZ, Defendant-Appellant.
UNITED STATES of America,
v.
William Lee BROWN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge Zavala PIERO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Armando Ortiz MARTINEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo Tribolet BARRAZA, Defendant-Appellant.
 Nos. 96-10332, 96-10353, 96-10333, 97-10014, 96-10335.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1997.**
Decided Jan. 22, 1998.
 
 HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Brown, Ortiz-Martinez, Zavala-Piero[1] and Gutierrez challenge their convictions for conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. Appellant Tribolet-Barraza challenges the district court's refusal to enforce his withdrawn plea agreement and the district court's grant of his request to release his initial trial counsel without holding an evidentiary hearing. We affirm the district court in all respects.
 
 
 3
 The initial wiretap application satisfied the "necessity" requirement under 18 U.S.C. § 2518(1)(c). As such, the district court did not err in issuing the wiretap. United States v. Khan, 993 F.2d 1368, 1375 (9th Cir.1993).
 
 
 4
 The district court correctly denied Appellants' motion for mistrial because eight of the original defendants pled guilty after the jury was empaneled. The three instructions given to the jury cure any prejudice that may have occurred following the disappearance of some of the defendants from the courtroom. United States v. Davis, 932 F.2d 752, 761 (9th Cir.1991).
 
 
 5
 The district court did not abuse its discretion in denying the motion for mistrial following the prosecutor's questioning of Jessie Ponce. The district court's decision was based on its interpretation of the nature and purpose of the question, an interpretation that was reasonable. United States v. Wills, II., 88 F.3d 704, 712 (9th Cir.1996), cert. denied, 117 S.Ct. 499 (1996).
 
 
 6
 The translation of Elba Torez's testimony may not have been perfectly accurate, but it fails to rise to the level required under plain error analysis to warrant reversal. United States v. Taren-Palma, 997 F.2d 525, 531 (9th Cir.1993). The same is true with respect to Zavala-Piero's allegations of prosecutorial misconduct. United States v. Hinton, 31 F.3d 817, 825 (9th Cir.1994).
 
 
 7
 We review the district court's decision not to grant Appellant Zavala-Piero's motion to sever for an abuse of discretion. United States v. Matta-Ballesteros, 71 F.3d 754, 770 (9th Cir.1995), cert. denied, 117 S.Ct. 965 (1997). The district court instructed the jury to give separate consideration to each defendant. This neutralized any potential prejudice. United States v. Douglass, 780 F.2d 1472, 1479 (9th Cir.1986). Furthermore, Zavala-Piero failed to allege any "inconsistent defenses, violation of confrontation rights, or unavailability of codefendants' exculpatory testimony." United States v. Baker, 10 F.3d 1374, 1389 (9th Cir.1993).
 
 
 8
 Appellants Brown and Zavala-Piero's Rule 29 Motion for Judgment of Acquittal based on insufficient evidence and Brown's additional claim that there was insufficient evidence to convict him were appropriately rejected. "Once the existence of a conspiracy is shown, the government need only prove a slight connection between the defendant and the conspiracy." United States v. Taren-Palma, 997 F.2d 525, 536 (9th Cir.1993). Reviewing the evidence in the light most favorable to the prosecution, see United States v. Tisor, 96 F.3d 370, 379 (9th Cir.1996), cert. denied, 117 S.Ct. 1012 (1997), reveals a connection between Brown, Zavala-Piero and the other members of the conspiracy.
 
 
 9
 The district court properly determined the appropriate sentences for Appellants Zavala-Piero, Brown and Gutierrez based on the quantity of drugs reasonably attributed to them pursuant to U.S.S.G. § 1B1.3(a)(1)(B). The district court found that Zavala-Piero was closely associated with the main traffickers in the conspiracy and that Brown had purchased considerable amounts of methamphetamine from members of the conspiracy. These findings are supported by the evidence and are therefore not clearly erroneous. The court's adoption of the presentence report for Appellant Gutierrez, which mentions Gutierrez's involvement in the conspiracy, is similarly sufficient.
 
 
 10
 We reject Appellant Brown's challenges to the admission of certain evidence by the district court. The admission of evidence arising from the search of Brown's residence on December 15, 1994 for the purpose of establishing absence of mistake under Fed. Rule Evid. 404(b) satisfies the test outlined in United States v. Avers, 924 F.2d 1468, 1473 (9th Cir.1991). The other evidence was inextricably intertwined with the conspiracy and therefore properly admitted. United States v. Ripinsky, 109 F.3d 1436, 1442 (9th Cir.1997); United States v. Williams, 989 F.2d 1061, 1070 (9th Cir.1993) (evidence of prior drug transaction inextricably linked to drug conspiracy).
 
 
 11
 The district court did not err in denying Brown's motion to suppress evidence obtained from the September 6, 1995 search of his residence. The affidavit submitted by Agent Werge to the Magistrate Judge in support of the search warrant established probable cause. United States v. Calabrese, 825 F.2d 1342, 1348-49 (9th Cir.1987).
 
 
 12
 The district court correctly denied Brown's motion to reduce his sentence pursuant to U.S.S.G. § 3B1.2. The district court found Brown's role was "extensive, that he had knowledge of the conspiracy, and that his knowledge was not minor or minimal." This finding was not clearly erroneous, especially in light of evidence that Brown purchased large quantities of methamphetamine from members of the conspiracy. United States v. Benitez, 34 F.3d 1489, 1497 (9th Cir.1994).
 
 
 13
 Appellant Brown also argues that the district court erred by declining to apply a safety valve reduction of 2 levels pursuant to U.S.S.G. § 2D1.1(b)(6). The court's finding that Brown failed to establish that he sufficiently cooperated with the government, as defined by U.S.S.G. § 5C1.2, is not clearly erroneous. He was intoxicated at the time he met with the government, and failed to establish that he disclosed all relevant information he had.
 
 
 14
 The court's assessment of a 2 level increase in Brown's sentence, pursuant to U.S.S.G. § 3C1.2, based on flight from federal agents following his earlier escape, was similarly not clearly erroneous. United States v. Campbell, 42 F.3d 1199, 1205-06 (9th Cir.1994).
 
 
 15
 We reject Tribolet-Barraza's claim that the district court abused its discretion by failing to compel specific performance of the first plea agreement offered to him by the government. The district court appropriately granted Tribolet-Barraza's request to withdraw the first plea agreement. United States v. Signori, 844 F.2d 635, 637 (9th Cir.1988). Because Tribolet-Barraza failed to accept the subsequent plea offer within the deadline, there was no plea agreement which the district court could enforce.
 
 
 16
 The district court did not abuse its discretion in granting Tribolet-Barraza's request to release his initial counsel without holding an evidentiary hearing. United States v. George, 85 F.3d 1433, 1438 (9th Cir.1996).
 
 
 17
 Finally, we will not consider Tribolet-Barraza's claim of ineffective assistance of counsel because it is not appropriately brought on direct appeal. United States v. Ouintero-Barraza, 78 F.3d 1344, 1347 (9th Cir.1995).
 
 
 18
 For these reasons, the district court's decisions are AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as pro-vided by Ninth Circuit Rule 36-3
 
 
 [1]
 The government calls to our attention that Appellant was indicted under the name Zavala-Peiro. For consistency purposes, we will use the spelling in Appellant's notice of appeal